1  George M. Kraw (California Bar No. 71551)
2  Katherine McDonough (California Bar No. 241426)
   Jessica N. Melgar (California Bar No. 311575)
3  Kraw Law Group, APC
   605 Ellis Street, Suite 200
4  Mountain View, California 94043
5  Telephone: 650-314-7800
   Facsimile:  650-314-7899
6  gkraw@kraw.com
7  kmcdonough@kraw.com
   jmelgar@kraw.com
8

9  Attorneys for:
   Producer-Writers Guild of America Pension Plan;
10 Board of Directors, Producer-Writers Guild of America Pension Plan;

11 Writers' Guild-Industry Health Fund; and
   Board of Trustees, Writers' Guild-Industry Health Fund
12

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN; BOARD OF DIRECTORS OF THE PRODUCER-WRITERS GUILD OF AMERICA PENSION PLAN, <br><br>And, <br><br>WRITERS' GUILD-INDUSTRY HEALTH FUND; BOARD OF TRUSTEES OF THE WRITERS GUILD-INDUSTRY HEALTH FUND, <br><br>Plaintiffs, <br><br>v. <br><br>HUAHUA MEDIA, LLC, <br><br>And, | Case No.: <br><br>**COMPLAINT** |

COMPLAINT – 1
CASE NO.:

| | |
|---|---|
| 1 | HUAHUAH CULTURE |
| 2 | COMMUNICATION AND |
|   | INVESTMENT CO., LTD., |
| 3 | Defendants. |
| 4 | |
| 5 | |

6   1.   This action has been brought in an effort to collect unpaid contributions owed to the Plaintiffs. This action arises under Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA") 29 U.S.C. § 1001, *et seq.*, under sections 1132 and 1145. This action also arises under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.

**JURISDICTION AND VENUE**

2.   The Court has jurisdiction of this action under the terms of Section 502(a), (e) and (g) of ERISA, 29 U.S.C. §1132(a), (e) and (g), 29 U.S.C. §185 and 28 U.S.C. § 1331.

3.   This Court has venue over this action pursuant to Section 502(e) of ERISA, 29 U.S.C. §1132(e), in that this is the district where the Plaintiffs Producer-Writers Guild of America Pension Plan and Writers' Guild-Industry Health Fund (hereinafter separately referred to as "Pension Plan" and "Health Fund", respectively; collectively referred to as "Benefit Plans") are administered and where the breaches described herein took place.

**PARTIES**

4.   The Benefit Plans are employee benefit plans within the meaning of Sections 3(1), 3(2), and 3(3) of ERISA, 29 U.S.C. §1002 (1), (2), and (3), and are maintained for the purpose of providing retirement, health and welfare, and related benefits to eligible participants. The Benefit Plans receive contributions from numerous employers pursuant to Collective Bargaining Agreements between employers and Writers Guild of America, West, and Writers Guild of America,

East, and therefore, are multiemployer plans under Section 3(37) of ERISA, 29 U.S.C. §1002(37), and 29 U.S.C. § 1301(a)(3).

5. The Board of Directors of the Producer-Writers Guild of America Pension Plan and the Board of Trustees of the Writers' Guild-Industry Health Fund (hereinafter collectively referred to as "Boards of Trustees") are fiduciaries within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

6. The Benefit Plans and Boards of Trustees maintain their principal place of business at 2900 West Alameda Avenue, Suite 1100, Burbank, California.

7. The Benefit Plans bring this action on behalf of themselves and on behalf of participants and beneficiaries in the Benefit Plans to recover benefits due, pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

8. Defendant Huahua Media, LLC (hereinafter referred to as "Huahua") is, upon information and belief, a limited liability company existing under the laws of the State of California. Huahua is an employer in an industry affecting commerce within the meaning of Sections 3(5), 3(11), and 3(12) of ERISA, 29 U.S.C. §1002(5), (11), and (12), and Section 2(2) of the LMRA, 29 U.S.C. §152(5).

9. Huahua is a signatory employer to the Minimum Basic Agreement ("MBA") which provides for payment of contributions to the Benefit Plans in California. As a signatory employer to MBA, Huahua is bound to the provisions of the MBA and the respective Trust Agreements for the Pension Plan and Health Fund ("Trust Agreements") that created the Benefit Plans.

10. Huahua Culture Communication and Investment Co., Ltd. ("HCC") is the parent corporation of Huahua based in Beijing, China with sufficient contacts to the State of California. (*International Shoe Co. v. Washington* (1945) 326 U.S. 310, 317.) HCC personally guaranteed the benefit contributions owed by Huahua.

/ / /

/ / /

/ / /

COMPLAINT – 3
CASE NO.:

## FACTUAL ALLEGATIONS

11. Huahua entered into the MBA with the Writers Guild of America East and Writers Guild of America West. The MBA established the terms and conditions of writers hired to perform covered writing services performed by employees of Huahua.

12. Upon information and belief, Huahua employed at least one (1) employee covered by the MBA.

13. Huahua is required to make contributions to the Benefit Plans for covered writing services performed by its bargaining unit employees in the amount and manner specified in the MBA and Trust Agreements.

14. Huahua failed to timely submit its contribution for covered writing services performed under the terms of the MBA. Huahua has combined outstanding contributions to both the Pension Plan and the Health Fund.

15. The Benefit Plans first notified Huahua in a letter date November 8, 2018 that it had failed to timely submit required contributions for covered writing services and demanded payment be made. Pursuant to the Trust Agreement, Huahua was also assessed liquidated damages and interest on the delinquent contributions, which continue to accumulate. Subsequent notices have been sent to Huahua from both the Benefit Plans and Counsel of the Benefit Plans.

16. To date, Huahua has failed to pay contributions, liquidated damages and interest owed.

17. Under the terms of the Trust Agreements, an employer who fails to make timely contributions to the Benefit Plans for employee fringe benefits is liable to the Benefit Plans for all unpaid contributions, interest, and attorney's fees and collection costs. *See also*, 29 U.S.C. §1132(g).

18. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are further entitled to an amount equal to the greater of:

    (a) double interest; or

(b)   interest plus liquidated damages.

## STATEMENT OF CLAIMS

### FIRST CLAIM
### Failure to Make Contractually Required Contributions to Multi-Employer Plan Under the Employment Retirement Income Security Act
### (29 U.S.C. §§ 1132 and 1145)

19.   Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 18 as fully set forth herein.

20.   This is an action to collect unpaid contributions found owing to a multi-employer benefit plan pursuant to the terms of the MBA and the Trust Agreements.

21.   Defendants' failure to pay contributions constitute a failure of an employer to make contractually required contributions to a multi-employer plan pursuant to Section 515 of ERISA, 29 U.S.C. § 1145.

22.   Plaintiffs are entitled to judgment for all unpaid contributions, liquidated damages, prejudgment interest, and reasonable attorney's fees and costs pursuant to 29 U.S.C. §1132(g)(2).

### SECOND CLAIM
### Breach of a Collective Bargaining Agreement
### (29 U.S.C. §§ 185)

23.   Plaintiffs hereby incorporate by reference each allegation contained in Paragraphs 1 through 22 as fully set forth herein.

24.   This is an action to enforce a Collective Bargaining Agreement and the Trust Agreements, pursuant to 29 U.S.C. § 185(a).

25.   Plaintiffs are entitled to pursue this claim as a third party beneficiary to the MBA and Trust Agreements.

26.   Defendants' failure to pay contributions owing breached the MBA and Trust Agreements, to the detriment of the Plaintiffs. Plaintiffs are entitled to

contributions, liquidated damages, interest, and attorneys' fees and costs pursuant to the MBA and Trust Agreements.

## **PRAYER**

WHEREFORE, Plaintiffs respectfully request this Court:

A. Enter a judgment declaring that Defendants have a contractual obligation to make payments to the Benefit Plans (a) requiring contributions to fund benefits; (b) requiring liquidated damages and interest payments in an amount to be proven; and (c) requiring the payment of reasonable attorneys' fees and costs of litigation pursuant to the Minimum Basic Agreement, the Trust Agreements and ERISA.

B. Other such legal and equitable relief as the Court may deem just and equitable.

Dated: December 3, 2019    KRAW LAW GROUP

By: /s/ Jessica Melgar
JESSICA MELGAR
*Counsel for Plaintiffs*